USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 12/30/20

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATE OF AMERICA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> ) <br> ) <br> ) <br> v. ) <br> ) <br> JOSE OSVALDO PANIAGUA, ) <br> ) <br> Defendant. ) <br> ) | Case No. 0208 1:S4 14 CR 547-02 (ALC) <br><br> PRO SE MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE <br><br> Judge: Honorable Andrew L. Carter, Jr. |

RECEIVED JUL 3 0 2020 ANDREW L. CARTER, JR. U.S. DISTRICT JUDGE S.D.N.Y.

**I.     INTRODUCTION**

Defendant, JOSE OSVALDO PANIAGUA, hereby moves this Court, *pro se*, to terminate his term of supervised released pursuant to 18 U.S.C. § 3583(e)(1). The 3-year term of supervised release began in of May 2019. Mr. Paniagua has already completed a full year of his supervisory term.

Mr. Paniagua is being supervised in the Southern District of New York where he lives and works and is seeking early termination of supervised release.

**II.    APPLICABLE LAW**

Title 18, Section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice."

Section 3583(e)(1) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C § 3553(a)(1)(2)(B), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The Judicial Conference has identified the following

1

criteria to access eligibility for early termination.

Officers should consider the stability of early termination for offenders as son as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:

1. stable community reintegration (i.e., residence, family, employment);

2. progressive strides toward supervision objectives and in compliance with all conditions of supervision;

3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses;

4. no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

5. no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

6. no recent evidence of alcohol or drug abuse;

7. no recent psychiatric episodes;

8. no identifiable risk to the safety of any identifiable victim; and

9. on identifiable risk to public safety based on Risk Prediction Index (RPI)

Guide to Judiciary Policy, Vol. 8E, Ch 3 §380.16(b), "Early Termination" (Monograph 109(rev'd 2010).

Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identifiable risk to the public or victims," and if they are "free from any moderate of high severity violations." Id., § 380.10(g).

Noteworthy is the fact that, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Judges encouraging them to grant early termination of supervised

release in appropriate cases as an effort to reduce expenditures in the probation and pretrial programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the date of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." Id.

### III. JOSE OSVALDO PANIAGUA, JR. SATISFIES ALL THE CRITERIA FOR EARLY TERMINATION

By way of background, Mr. Paniagua was sentenced by this Court of December 14, 2016. Although Mr. Paniagua's guideline range was 108-135 months, under Count One of a four-count indictment, a count that charge conspiracy to distribute oxycodone (21 U.S.C § 841(b)(1)(C)), this Court imposed a 67-month sentence because, inter alia, Mr. Paniagua was a first time offender with no criminal history. Further, as this Court is aware, and as described in the PSR, Mr. Paniagua was neither an initiator nor an enthusiastic participant in the conspiracy's more violent aspect and, in fact, attempted to mediate – rather than escalate – his brother's disputes with the family's drug-distributing competitors, who hired a hit man to kill his brother. PSR at pp. 3940 45, 53.

Mr. Paniagua's history is that of an Dominican immigrant who followed his parents to this country to reunite his family and search for a better life. The oldest of three siblings raised in impoverished and physically abusive circumstances in the Dominican Republic, Mr. Paniagua was left at the tender age of 16 to care for his younger brothers when his parents separately emigrated to the United States. Nevertheless, he demonstrated the self-motivation to complete

high school on his own. Mr. Paniagua further demonstrated that he was on a path to a better life by immediately enrolling in college and continuing for two years. Mr. Paniagua clearly had a willingness to (and has) become a productive citizen and be a positive role model for his children.

Mr. Paniagua satisfies all the factors set forth for early termination. He has completed all his terms of supervision and has no need for programming or treatment. He had minimal special conditions and has fully complied with all of them. Mr. Paniagua has served his prison time without incident. His supervision has likewise been without any incident. Mr. Paniagua has steady employment, residence, and family life. He is a father of 2 children, all of whom live with him and his wife and are successful.

Terminating Mr. Paniagua's supervised release would enable him to better support his family financially. His experience in the system changed him profoundly and set him on a stable path that he is on today.

This Court is often called upon to impose serious consequences for defendants who violate supervised release. Mr. Paniagua has completed every condition asked of him and has gone far beyond the requirements of his supervision. He has fully reintegrated into society and is a valued worker, family member, and citizen. He has achieved stable community reintegration in terms of housing, family, and employment. He is in full compliance with all terms of supervision. He is not using controlled substance. He is an ideal candidate for early termination of supervised release based on every factor the Court must consider.

Given Mr. Paniagua's commendable reentry into the community and performance on supervised release, he respectfully requests that the Court order that his term of supervision be terminated under 18 U.S.C. § 3583(e).

4

DATED: July 9, 2020

Respectfully submitted,

*[signature]*

Jose Osvaldo Paniagua

Mailed, Via FedEx to:
Clerk of the Court
(Pro Se Clerk)
U.S. Courthouse
500 Pearl Street, 7th Floor
New York, NY 10007
Attn. Judge Andrew L. Carter, Jr.

Copy via email to:

AUSA Russell Capone
United States Attorney Office (SDNY)
One Saint Andrews Plaza
New York, NY 10007
russell.capone@usdoj.gov

US Probation Officer Zondra Jackson
U.S. Courthouse
500 Pearl Street, 7th Floor
New York, NY 10007
Zondra_Jackson@nysp.uscourts.gov

**The application is DENIED.
Copies mailed by Chambers.
So Ordered.**

*[signature] Andrew L. Carter*
12/30/20

5

ORDER

Pursuant to 18 U.S.C. §3583(e)(1), the Court hereby TERMINATES the terms of supervised release in this case and discharges Mr. Paniagua for the reasons set forth above.

Dated: July __, 2020

_____<br>
ANDREW L. CARTER, JR.<br>
UNITED STATES DISTRICT JUDGE

|  |  |
|---|---|
| UNITED STATE OF AMERICA, ) | Case No. 0208 1:S4 14 CR 547-02 (ALC) |
| Plaintiffs, ) |  |
| v. ) | AFFIDAVIT OF SERVICE |
| JOSE OSVALDO PANIAGUA, ) |  |
| Defendant. ) |  |

STATE OF NEW YORK   )
                    )
COUNTY OF BRONX     ) ss.:

Jose Osvaldo Paniagua, being duly sworn, deposes and says, under the pains and penalties of perjury, the following is true:

1. I am over eighteen (18) years of age and reside in Bronx, New York.

2. On July 22, 2020, I served a true copy of the attached *Pro Se Motion for Early Termination of Supervised Release,* by emailing a copy of same to the following email addresses and addressees listed below:

AUSA Russell Capone
United States Attorney Office (SDNY)
One Saint Andrews Plaza
New York, NY 10007
russell.capone@usdoj.gov

US Probation Officer Zondra Jackson
U.S. Courthouse
500 Pearl Street, 7th Floor
New York, NY 10007
Zondra_Jackson@nysp.uscourts.gov

Jose Osvaldo Paniagua

Subscribed and sworn to before me this
22-day of July 2020

Notary Public
JOSEPH K. EADY
Commissioner of Deeds
City of New York, No. 3-3593
Certificate Filed in Bronx County
Commission Expires Nov. 1, 2020




# USPS Priority Mail Express Label

EJ 435 424 831 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT) PHONE (729) 466-756
Jose Paniagua
2103 Honeywell Ave 1-F
Bronx NY 10460

TO: (PLEASE PRINT)
Clerk of the Court
Criminal Docketing
500 Pearl Street Room 520
New York NY 10007

ZIP+4: 10007

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code: 10460
Date Accepted: 8/31/2020
Time Accepted: 6:30 PM
Weight: 6 ozs.
Postage: $26.35

Scheduled Delivery Date: 9/2

LABEL 11-B, MARCH 2019

EP13F Oct 2018






USPS.COM/PICKUP

This envelope is made from post-consumer waste. Please recycle - again.